The case of United States v. Cortero-Roman, next. We'll hear first from, is it Ms. Guagliardo? Ms. Guagliardo, thank you, Your Honor. Thank you. I apologize for the mispronunciation. It was very close. You may proceed whenever you're ready. Thank you, Your Honor. May it please the Court, Counsel. I would first like to thank the Court for having the argument this morning and to thank Government Counsel. We're here because the judge sentenced Mr. Cortero-Roman to 15 years in prison. And just before imposing that sentence, the judge addressed the state of Florida's dismissed charge and said, I don't know how a prosecutor could look themselves in the mirror in state court and drop these charges, because I would convince you, meaning Mr. Cortero-Roman's partner, to go forward based on those underlying charges to do something to protect you. And after continuing a little further concludes, So I will do everything I can to keep it from happening again and sentences Mr. Cortero-Roman to 15 years in prison. By his own words, the judge put himself in the role of the state prosecutor. I would have prosecuted. I would have convinced you to go forward. Those are not the words of an impartial and neutral judge sentencing a defendant for an immigration offense. Those are the words of a judge acting in place of what he saw was a failed state prosecutor when he imposed the sentence. And if I can make one more thing clear, the state prosecutor dropped a county court charge with a one year maximum. So what the judge is telling us is I would have prosecuted you. I would have convinced you to go forward with a higher degree felony. Mr. Cortero-Roman, here's your 15 year sentence. The guideline range, which is the initial benchmark for any federal sentencing, as the court aware is in this case, excuse me, the benchmark, the initial benchmark of a reasonable sentence is eight to 14 months in prison. The federal prosecutor recommended a 14 month sentence, telling the court that that would promote respect for the law and provide adequate deterrence. And the probation officer who writes report after report in these cases, including illegal reentry cases, also recommended a 14 month sentence. And I should just be clear, the guidelines are an initial benchmark. But whether we look at this case as a due process violation, procedural errors or substance of reasonableness, there are all three errors are present here. And we are asking the court to vacate this 15 year sentence and remand for resentencing before a different judge. And the reason I have pointed to the federal government's recommended 14 month sentence is that tells us already that the federal government prosecuting this case before a federal court saw this as a mine run illegal reentry case. Well, my question is, so one, I believe there are cases where in sentencing, a district court can still consider charged conduct, even if the defendant wasn't convicted of it. So one, if you can just let me know if I'm correct about that. Yes, Your Honor, a district judge at a federal sentencing can consider uncharged conduct. And then in terms of the sentencing, part of that consideration is public safety, of course. And so even though it could be argued, as you are, that the district court might have crossed some line and opining as to how the court would have ruled or would have prosecuted the case, that information could still be considered for purposes of the district court. In this case, determining whether or not public safety specifically against his partner could be advanced through a shorter or longer sentence. And as I perhaps clumsily try to phrase that, I guess I'm trying to understand, even if it was wrong for the district court to opine as to the prosecution, how is that inappropriate for purposes of the public safety determination in this case? In this case, Your Honor, and the court is correct, that a court can take into account public safety, protecting the public certainly as the factors. But in this case, Your Honor, what the district judge did was put far too undue weight on this charge. And if I could unpack that, I think what the judge did, and we have a fairly lengthy sentencing explanation, and the judge has taken us through his thinking. But what he is seeing this is as a failed prosecution for a high degree felony, when in fact what we have is a dismissed county court charge with a one year statutory maximum. And the other thing to take into account is, is the federal government, who is appearing for this court, has the same information, has the same police report, and makes a recommended guideline sentence of 14 months in prison. So there's a huge disconnect between how the judge is seeing this case and the weight he is putting on it that is so far removed from how the federal government is seeing the case that that raises the question. And yes, in fact, the court has given undue weight to effectively dismiss charges. Counselor, I'm going to make your argument. The court had the power to sentence for the crime committed. In a guideline sentencing under the statute, since 1989, I'll put it that way, you had a vertical scale in which we decide how serious is the offense. So that was fixed by the guidelines. Now, 3352, the sentencing statute said the court's got to consider punishment, general deterrence, specific deterrence, and probation, probation's out, let's say, rehabilitation. What this judge did was move the defendant to category six criminal history. The government never asked for the court to move the criminal history score to six because his behavior over the years underestimates the need to protect the public from his crimes. So your argument has to be that the government in effect made an error in agreeing with the probation officer that this is a category two criminal history when the fact of the matter is it's a category six criminal history probably if you got into the defendant's criminal history in toto. Now, what that sentence might yield, criminal history six, is another issue altogether. But I agree with your honor, though, because I think what the guidelines do is it told us. So if, for example, we were to move Mr. Corteo-Ramon to category six. So now I'm at offense level 10, which is the offense level calculated here. We move him to category six, we're still at 24 to 30 months. The judge sentenced him to 15 years. And if I could add, because I do think again, as your honor. The court could depart from that. He could, but we would still be. If the court properly applied the guidelines, the court could go beyond category six. Yes, your honor. And what he would be doing, though, to arrive at 15 years, he would be going from offense level 10 to offense level 29. I'm so sorry, your honor. But intellectually, the court didn't do any of those things. That's my problem. Correct, your honor. And then the other thing, and just since we are discussing of how the guidelines would have measured these things. Just for the sake of argument, let's say the state of Florida had prosecuted Mr. Corteo-Ramon. As the judge says, he thought he should have been prosecuted. And let's just pretend the state of Florida gave Mr. Corteo-Ramon a felony conviction and a felony sentence in the highest one at that. The guideline range we would get to is still only 37 to 46 months. And if I could just tell the court how I got there, we would add, again, this is just for the sake of argument, we would add 10 levels under 2L1.2B3. He still has accepted responsibility, so we're now at minus three. We move over criminal history category, so he's at an offense level of 19, criminal history category three. And just to put, again, a measure of how far outside the ballpark of a reasonable range of sentences, those 15-year sentences, is that guideline range is still only 37 to 46 months in prison. I can reserve the rest of my argument for rebuttal. Thank you. All right. Thank you, counsel. We'll hear next from Ms. Taylor. You are on mute. May it please the court, Michelle Taylor for the United States. I want to emphasize first that the court here clearly was sentencing for the illegal reentry offense. And we see that both on the first day of the sentencing hearing and on the second. And the court says it needed to distinguish between people who are here illegally because they want to create a better life, the people that on the second day he gives the example of who might have been picked up in a sweep at a hardware store because they were looking for work that day. And then the other category are people that come here and commit violent crimes. And the court here found that Mr. Cotero Roman was in the latter category. District courts have a particular expertise at assessing criminal history, and they do that because they see more defendants standing in front of them. They're better at fact finding. They have the experience at sentencing. And so this court has repeatedly affirmed major upward variances when they were based on this. And, you know, let me start by saying that I think the district court certainly had a lot of discretion. This, though, is the highest percentage, if you do it as a percentage variance that I've ever seen. And other ones aren't even close. Now, that doesn't necessarily mean that it's substantively unreasonable, but it certainly sort of pricks your eyebrows up a bit, right? Like, it's over 1,100% higher than the guideline sentence. And the next closest one is a fraction of that percentage higher. Unless I missed something, which is possible, in which case you should let me know. But it's just so much higher than the guidelines range. So I wonder if you would address that. Sure. Well, first, I just want to point out in Gall that the Supreme Court noted that deviations from the guidelines range will always appear more extreme in percentage terms when the range itself is low. The guidelines range is just one of about a dozen factors. Why was the offense level at 2 instead of 6? I'm sorry, Your Honor? Why was the offense criminal history level at 2 instead of 6? In other words, why didn't the court apply a 4A? Why was it not at 6? The sentence is obviously for the protection of the public. Would you agree? Exactly, yes. I've never seen a case in which somebody with a criminal history of 2, which the government agrees is appropriate. And all of a sudden, the judge, not only without even talking about criminal history, zero words about it, goes all the way to 6 without saying it, and then takes off to the moon. The government had a heavy responsibility in this case, and it didn't maintain it. I think the 14-month recommendation was not a reasonable recommendation, given the gravity of this defendant's criminal history and the brutality of the attack that led to this. I agree that the whole sentence is based on protecting the public's specific deterrence under the statute. I think the criminal history is the main driving force here, for sure. I don't believe this court has ever held, although it might have been helpful if the court had granted a 4A 1.3 departure to raise his criminal history category, I don't believe this court has ever held that a court must depart before it varies upward. The point of the matter is the government is telling the court it's criminal history 2. That's the government telling the court. I agree that the criminal history category 2 is not a fair representation of the depth of the criminal history that we see here. If you argue that we should affirm what you're in effect, I speak for myself, what you're in effect saying is the court of appeals has the discretion to sentence a new as if we're the district court. I disagree, your honor. We know a prosecutor might make a mistake in its recommendations. We see, for instance, in the early case where the prosecutor recommended a low end guidelines range sentence. But this court ultimately and early, despite that recommendation, affirmed upward variance of more than 100 months. It was 113 month upward variance. Is the district court bound by the government's recommendation as to what the guidelines sentence should be or what the sentence should be? Absolutely not. That recommendation did not bind the district court. And what this court is reviewing is the district court sentencing decision, not any recommendation that the prosecutor made. I don't think that that was a good recommendation. I think 14 months is reasonable. What effect on the court's discretion is the incorrect application of the guidelines? I don't believe there was an error. This is a general proposition. What effect is there on a sentence when the court misapplies the guidelines or the statute? Well, I guess unless it's harmless, that would potentially require. Do we just simply disregard what the court does and substitute our own judgment for the sentence? But there was no error here in the calculation of the guidelines range. No. Well, that may well be. But the court sentenced this person as if it were a six plus a lot. And again, we're talking a lot about the guidelines range, but that's just one of a dozen factors. And the criminal history, which was the true driving force, instead focuses on many of the. Of course it does. But the government told the judge that it was a category two. The government didn't object to that calculation. It therefore told the judge it was a category two. The government has the responsibility of informing the court about the correct application of the guidelines. Would you agree with that? I do. We have a duty as the officer of the court and representing government in the United States. I do. But in a post booker world, this court has never required there to be an opinion which says that the government does not have that obligation. And we should sustain a sentence that is the fashion. Without regard to that, without regard to the guidelines. Again, I don't believe that. Again, the focus here is on whether the district court erred, not whether the prosecutor failed to make a good recommendation. And the district court here amply justified its upward variant sentence. And you have to remember here. Upward variance from what? First from the guidelines range. But if you think also.  Not the guidelines. Upward variance from what? The criminal history category. From the range it established. The criminal history. That's what set the range was the offense level in the criminal history category. Right. Yeah. But, again, that's just one consideration among many. And another is the statutory sentencing range. And here Congress has said a sentence of up to 20 years is authorized for this sort of crime. And you'd expect a dangerous repeat offender would appear at the high end of that range. And here the sentence is five years below the high end of the sentencing range. Here's my concern. I think. I think you're right to point out that the high end is 20 years, that this is five years under that. And that the district court did actually talk about his criminal history that was in the district court's view underrepresented because it had aged out because he had been out of the country. But, but 11, you know, an 1100% plus variance, which is nowhere near any of the other variances that we have proved that previously is just so incredibly high. I wonder if there's something that you could explain to us as to why this percentage is okay on this factual set of circumstances, and why it's why it's okay that there's just such a greater percentage increase than anything else we've ever allowed. Well, the percentage increase, I think, is misleading here because the guidelines range is abnormally low. The guidelines range here does not take into account the severity of the conduct that led to the most recent arrest. The brutality of that attack is horrifying. The defendant, because of his blows to the victim's face, he left her with lacerations on her nose and on her mouth. She was bleeding when the officer saw her, she had blood on her, on her face and on her chin. The defendant threatened to swerve the car, while the nine year old child was in the car with them. So when he, when he threatened to swerve the car and then ultimately did because she wouldn't comply with his demands. He put both her and the child at risk. And then he raped her, and this is a horrific, horrific conduct that in no way affects the offense level here, but needs to be taken into account under the 3553 factors that's an essential part of this defendant's history and characteristics. Let me just ask you, I'm not trying to substitute my own judgment I'm trying to figure out how we make a rule right that allows us to determine whether it was substantively reasonable or substantively unreasonable since we've never held an upward variance to be substantively unreasonable. Why, why, why 15 versus 10 years right, why isn't 10 years. I mean, why. In other words, could it be substantively unreasonable at 15 but not at 10. And if so what what how do we draw that line is what I'm trying to find a rule. Well, we just need a ballpark right this court has said that the ballpark of permissible outcomes. And if you talk about it in percentage terms that of course looks dramatic. But if you talk about it in matters of months this court has upheld upward variances of many more months than this, for instance in the over street case and over street is similar to this case and that the driving the driving force of the over street sentence was uncharged conduct and uncharged murder. And the crime there was being a felon in possession, the court went up 232 months from the pre departure range 210 months from the post departure range. And I think this might kind of help with Judge Joe flats concerned that there wasn't a 41.1 point three departure here and over street the 41.3 departure, only gave a slight bump to the guidelines range. And even if the court would have bumped up under 41.3, it still had a ways to go. But given how dangerous this defendant is and and they need the court needs to show deference to that finding of dangerousness, a dangerous repeat offender. Who has already been deported three times, and who has a history of gang violence and domestic violence. The court went through this criminal history at length at 18 battery on a detention facility staff at 21 aggravated assault with a firearm. He's then removed at 24 a domestic battery. He's removed again, but the next year he's hiding in the question counselor that his criminal history is very disturbing. I think to judge Joe flats point if I understand it is that there was clearly a disagreement as to the level of danger for purposes of his criminal history. The government still categorized him pretty low as compared to what the district court found I understood Judge Rosenbaum's question to be, how do we determine whether 10 years is is reasonable, but 15 is unreasonable. What is the test that we should be employing, or the factors we should be weighing to determine when a district court has crossed that line. Well, I think we could look by comparison for instance at those other upward variances cases, like over street. And we can also look by comparison at other illegal reentry sentences. For instance, the Fourth Circuit affirmed a 240 month statutory max for an illegal reentry case this is a Rivera Santa, where the defendant had proved he was a danger. I was at 200 that's the statutory max right and Congress has said up to this amount is authorized by statute. And that's the bar that as long as it's within the statutory range that anything within that range should be presumptively reasonable. I don't think I would go that far but I would say, if you look at the only thing that's presumptively reasonable under the law under our precedent is that the guideline range is presumptively reasonable. You agree with that. Well, the court has never only presumption about sentencing is that the range prescribed by the guidelines is reasonable. There's a presumption. Are you familiar with those cases. Yes, Your Honor. All right. Do you agree with them. I agree that a guidelines range is here though. We agree that that's presumptively reasonable within the guideline range. What we have here is a collision of two systems of criminal justice. A collision. You have a very, you got a rape and other kinds of crime. The state decides not to prosecute. And the federal government has a crime here that's much that doesn't have anything to do with that state crime, except its background information. It is sentencing information, but you have this, this collision. So then the question becomes what does the district judge do under the law. Whether the district judge has any discretion at all, in effect to bail out the state. Because that's, that's what the district judge did. Um, if I see my time's expired if I might respond to judge Joe flex question. Yeah. I respectfully disagree that this had nothing to do with the illegal reentry offense, because I think the district court correctly know it we know it had something to do with it but the crime was really the entry itself. That the crime was complete. We agree. I believe the illegal reentry the crime of reentry was complete when he reentered. Your Honor, I've actually read that courts have held that it's not complete until the defendant is ultimately found. So I think the court correctly looked into whether the conduct while the defendant was here and identified that a defendant who comes here and commits crimes is committed a more serious crime than a defendant who doesn't. And as far as the ballpark I would just ask the court to remember that the defendant has the burden of showing unreasonableness, he has the burden of showing that 15 years is not reasonable here. It's his burden and he hasn't carried it given the difference for the district court. Thank you. All right, thank you very much. Miss Boyardo, they get it right this time I hope. Thank you. I'd actually start with how the federal government prosecuted this case before the judges hunting, as the court has noted, the federal prosecutor asked for a and recommended a 14 month sentence. That is how the federal prosecutor saw this case before the district. That's true, and the court should definitely consider that, but the court isn't bound by the federal government's view of the case and if it were, then when the federal government, you know, recommended much higher levels for higher variances, then the defendant would have to battle against that on, you know, and so it's the court has discretion. Right. We're not here to talk about what the prosecution did or didn't do. We're here to consider what the district court did. Would you agree with that. Yes, but there's two points I'd like to make if I could. The first is is unlike an archery over streets case where the federal government built a record before the sentencing judge. The federal government had an evidentiary hearing where they put on evidence of the uncharged conduct which is that Mr over street who killed his wife. The district judge heard the evidence and made a ruling on a preponderance of the evidence that he must have he that he committed that crime. That was the basis for the upward variance. What we have here is a real contrast that the federal government doesn't build any record before this judge to justify this upward variance. Your client's partner testified that she stood, she was standing by the underlying allegations in terms of the battery and sexual violence, and that what the transcript doesn't communicate to us is how she testified was how she comported herself whether or not she did take into consideration in terms of the evidence presented so I'm not sure that the record supports what you just argued. Well, if I could ask the court to consider that actually the reason the record doesn't say if the judges is is judging her demeanor is he doesn't say that. Instead, he is instead relying on his own state experience in his feelings of that this is a failed state prosecution, but even if even if he's not wrong in that regard which of course we've made the argument that he is but even if he's not wrong about that. It's the undue weight. And this goes back to judge Rosenbaum's question how do we know that this sentence is substantively unreasonable. It's because the judge has put undue weight on the dismissed state charge, and his has departed so far from the ballpark of a reasonable range of sentences. I know the judges ask 10 years be reasonable versus 15. All I think the court can amply find that 15 years is so far outside of the range of reasonable sentences, even now Mr. is served a sentence above the advisory guideline range, he's now about two and a half years and certainly the federal money right. The cap is 20 and so some could look at it say he only got 15. So, again, and maybe this is just to be wrestled with more but I'm still not hearing the advice to us as to how. And I think, I think part of this is is yes the ceiling is 20 years but the guideline range with way at the other end of eight to 14 months there was no dispute of that guideline range, even if the criminal history was was understated which one thing I'll note is the sentencing guidelines were amended in 2016 to now measure the severity of prior convictions based on how old they are, and the length of the prior sentence. So that's something to also take into account and I appreciate the court's time and considering that this 15 year sentence is well outside the range of reasonable sentences. Thank you. All right, thank you both very much. We will take the case under advisement and we will be in the journey.